**TARBELL, Plaintiff-Appellee, v. FISHER BODY COMPANY, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20188.   Decided Feb. 18, 1946.

Milton R. Landy, Cleveland, for plaintiff appellee.
H. W. Hogan, W. J. Highley, Toledo, for defendant-appellant.

## OPINION

By MORGAN, J.

The plaintiff in this case was an employee of the defendant, which is a self-insurer.

Plaintiff alleges in his petition that on or about May 20th, 1942, he was under a contract of hire by the defendant, as an operator of a Doall machine and that "while in the course of his employment, then and there he sustained an accidental injury when in determining the sufficiency of the annealing temperature of the generating machine he burned his right thumb." An infection developed in the thumb which "terminated in an atrophy of the right thumb with complete loss of flexion and extension" and other injuries.

The defendant refused to pay compensation, and plaintiff filed his application with the Industrial Commission of Ohio to determine compensation. The Commission denied compensation on the ground that "claimant's disability was not the result of an injury sustained in the course of and arising out of his employment." There was a rehearing and the Commission adhered to its decision for the reason that "the record is insufficient to show that the disability suffered by the claimant after May 20, 1942, was the result of an accident sustained in the course of his employment with the employer herein."

The plaintiff in due time filed his petition in the Cuyahoga County Common Pleas Court. The jury was waived and the court found and entered judgment for the plaintiff.

The only question in this case is whether or not the record sustains the judgment of the common pleas court that the injury to plaintiff's thumb was caused by a burn sustained on or about May 20, 1942, in the course of his employment.

It is our opinion that the record does not sustain such a finding or judgment.

On the rehearing the plaintiff testified that on the said evening of May 20, 1942, "I accidentally got my finger too close and felt a burn." This occurred in the night time and he continued to work the rest of the night.

The plaintiff testified that on his return to his home in the morning, his thumb was paining him and "my wife sterilized a needle and tried to pick up a sliver, just like a metal sliver runs in your thumb, and she couldn't find anything."

About 10:30 the next morning the plaintiff visited the defendant's dispensary. He did not complain about a burn to anyone at the dispensary.

George Wilson was employed at the time as the male

nurse at the dispensary. He testified that the plaintiff came to the dispensary on May 21, 1942, and he noticed that plaintiff's hand was swollen and that he had a fever. "I asked him how he did it and he said he didn't remember injuring it or hurting it in any way."

Jerry J. Divis was employed at the time by the defendant as supervisor of labor relations. He testified that on May 20, 1942, he went into the hospital to get a drink of water and noticed the plaintiff lying on a cot there. The witness asked the plaintiff what happened. The plaintiff answered that the doctor stated that he had an infected thumb. The witness continued:

"I asked Mr. Tarbell, I said, 'Well, how did it happen, did you cut it or scratch it, or puncture it in anyway?'

Tarbell answered, 'the funny part of it is I don't recall anything happening.' "

The medical evidence was to the effect that the infection was probably caused by bacteria entering through a break in the skin. This might have been caused by "trauma, bruising or burn." A burn "would probably cause blistering." There was no evidence of a blistering of the thumb in this case. No physician testified that his examination showed that the injury was caused by a burn.

On March 25, 1943, the plaintiff signed an affidavit which was received by the Industrial Commission on April 6, 1943. This affidavit was executed and received over ten months after the alleged accident. In this affidavit the plaintiff described the accident as follows:

"I worked eight hours daily on this job, and the only manner in which I used my thumb was in the manual lifting of the castings and in holding the castings against the bandsaw. In holding the castings against the saw the excess portion of the castings would come off like sawdust. It is possible that a sliver of metal or steel entered my thumb causing my infection, but I do not recall any specific instance or incident in which this occurred so as to cause the infection to my thumb which occurred on 5/20/42."

Nowhere in this affidavit made on March 25, 1943, did the

564

plaintiff refer to or indicate any burn as a cause of the injury to the thumb. This fact seems to us to be almost conclusive of the claim made by plaintiff in this case.

It may well be that there was a relation of cause and effect between the infection to his thumb and plaintiff's employment with the defendant company. This record however does not show it.

The judgment in this case is reversed and final judgment is entered for the defendant.

SKEEL, P. J., and LIEGHLEY, J., concur.